Hadj Djelloul v. Garland

BIA
A076 101 378

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of May, two thousand twenty-one.

PRESENT:
>　　　　DEBRA ANN LIVINGSTON,
>　　　　　　*Chief Judge,*
>　　　　SUSAN L. CARNEY,
>　　　　RICHARD J. SULLIVAN,
>　　　　　　*Circuit Judges.*

_____

MEHDI HADJ DJELLOUL,
>　　　　*Petitioner,*

　　　　v.　　　　　　　　　　　　　　　　18-3388
　　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>　　　　*Respondent.*[1]

_____

**FOR PETITIONER:**　　　　Alexis Ann Dutt, Esq., Karam Law, Bloomington, MN.

**FOR RESPONDENT:**　　　　Jessica E. Burns, Senior Litigation Counsel; Claire L. Workman, Senior Litigation

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mehdi Hadj Djelloul, a native and citizen of Algeria, seeks review of an October 11, 2018 decision of the BIA, denying his third motion to reopen. *In re Mehdi Hadj Djelloul,* No. A076 101 378 (B.I.A. Oct. 11, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review constitutional claims and questions of law de novo. *See Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We review Hadj Djelloul's motions to reopen for abuse of discretion, and we review the BIA and IJ's country condition findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Hadj Djelloul asserted that he converted to Catholicism in the United States and feared persecution in Algeria on account of his religion.

2

It is undisputed that, absent an applicable exception, Hadj Djelloul's 2018 motion to reopen was untimely and number-barred because it was his third motion to reopen and was filed more than 15 years after his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). An exception to the statutory and regulatory time and number limitations is available, however, if reopening is sought to apply for asylum and the motion "is based on [evidence of] changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Hadj Djelloul failed to provide evidence of such changed country conditions.

As an initial matter, we reject Hadj Djelloul's arguments that the BIA violated the Constitution and misinterpreted the law in concluding that his changed personal circumstances in the United States, namely, his religious conversion, did not satisfy the changed country conditions exception to the time and number limits for motions to reopen. *See Li Yong Zheng*

3

*v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir. 2005); *Yuen Jin v. Mukasey*, 538 F.3d 143, 157 (2d Cir. 2008) ("[A]n alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty or property interest in a discretionary grant of asylum."); *id.* at 158 ("Aliens who disregard a final removal order and remain in the country illegally are not similarly situated to aliens who have complied with a final order but subsequently reenter the United States and try to seek relief.").

We also reject Hadj Djelloul's religious freedom claim. First, it bears noting that his motion to reopen is subject to the changed country conditions exception because of his failure to comply with his removal order – not because of his religion. Further, he did not show that his religious practice has been or will be restricted by the disallowance of his changed country conditions argument. *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 694–95 (2014); *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1069–70 (9th Cir. 2008) ("Under [the Religious Freedom Restoration Act], a 'substantial burden' is imposed only when individuals are

4

forced to choose between following the tenets of their religion and receiving a governmental benefit . . . or coerced to act contrary to their religious beliefs by the threat of civil or criminal sanctions . . . ." (internal citations omitted)).

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, Hadj Djelloul did not establish worsened conditions for Catholics in Algeria since the time of his 2000 hearing. Accordingly, the BIA did not abuse its discretion in denying his motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court